IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| DANIEL LEE DIXON,<br><br>Petitioner<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>Respondents | 1:25-CV-00309-SPB-RAL<br><br>SUSAN PARADISE BAXTER<br>United States District Judge<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>REPORT AND RECOMMENDATION<br>ON PETITION FOR WRIT OF<br>HABEAS CORPUS<br><br>ECF NO. 5 |

I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 5] filed by former federal prisoner Daniel Lee Dixon ("Petitioner") be dismissed as moot and that this case be closed.

II.    REPORT

A.    Relevant Background

Petitioner, an inmate formerly in the custody of the Federal Bureau of Prisons (BOP), initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 5. Petitioner sought an order directing the BOP to recalculate his First Step Act credits. *Id.* Prior to his petition becoming ripe for review, Petitioner was released from BOP custody. *See* ECF No. 12. *See also* BOP

1

Inmate Locator (www.bop.gov/inmate_loc/) (last visited June 23, 2026) (indicating that Petitioner is no longer in BOP custody).

    B.    Discussion

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

In the habeas context, the crucial issue with respect to mootness is often whether "some concrete and continuing injury other than the now-ended incarceration or parole" might still be amenable to remedy. *Spencer*, 523 U.S. at 7. In other words, there still may be a case or controversy before the court – even if the injury that a complaining party seeks to remedy through litigation no longer exists – if there is a "collateral injury" that is "likely to be redressed by a favorable judicial

decision." *Id.* (quoting *Lewis*, 494 U.S. at 477); *Burkey*, 556 F.3d at 147-51. Where the petitioner is attacking a wrongful conviction, courts often will presume the existence of collateral consequences that can be remedied by a favorable decision from a habeas court. *Id.* However, in cases such as the instant case, where Petitioner is challenging the <u>term</u> of his sentence rather than the <u>lawfulness</u> of his underlying conviction, there is no such presumption; rather, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedied by the court in order to avoid having his case dismissed on mootness grounds. *Burkey*, 556 F.3d at 148 ("Where...the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."); *Killian v. FCI-Allenwood*, 2018 WL 2292757, at *1 (M.D. Pa. May 18, 2018) (collateral consequences "will not be presumed" with respect to "challenges to the execution of a sentence that has already been served").

Applying these principles to the instant case, the Court concludes that this matter is indeed moot. Since the BOP released Petitioner from its custody, there is no longer any habeas relief that this Court can provide. See, *e.g.*, *Killian*, 2018 WL 2292757, at *1 (dismissing 2241 petition as moot upon petitioner's release from incarceration because "his release eliminates the Court's ability to grant him any relief"); *Scott v. Schuykill FCI*, 298 Fed. Appx. 202, 204 (3d Cir. 2008) ("[Petitioner's] § 2241 petition is moot because it is not redressable by a favorable judicial decision."); *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were

disposed to do so."). Nor is there any sort of lingering collateral injury within this Court's power to redress. *Burkey*, 556 F.3d at 147 (once a prisoner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue."). As such, Petitioner's habeas petition should be dismissed, with prejudice, and this case marked closed.

III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed as moot and that this case be closed.[1] Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

DATED this 6th day of July, 2026.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[1] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

4